UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. MJ04-M-249JLA

UNITED STATES

V.

CHAVEZ CHAMPAGNE

**ORDER ON DETENTION**

ALEXANDER, M.J.

    The defendant, Chavez Champagne, appeared before this Court for a detention hearing on November 23, 2004, pursuant to a complaint charging him with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). At the hearing, the government was represented by Assistant United States Attorney John Capin and Mr. Champagne was represented by Attorney Catherine Byrne. The government moved to detain Mr. Champagne pursuant to 18 U.S.C. §§ 3142 (f)(1)(D)(criminal recidivism) and (f)(2)(A)(serious risk of flight).

    The following recounts the evidence and analysis underlying the Court's ruling from the bench that there is PROBABLE CAUSE to find that Mr. Champagne has committed the offense with which he is charged and that he be DETAINED in that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of any other person and the community if he was released pending trial.

In support of its motion for detention and to establish probable cause, the government offered the credible testimony of Special Agent Jody Minick of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Agent Minick's averments include the following information.

Although Agent Minick was not the lead investigator in the case which resulted in the criminal complaint against Mr. Champagne, she reviewed pertinent documents in the case, including the affidavit prepared by the lead investigator, ATF Special Agent Sheila O'Hara, in support of the application for the complaint and arrest warrant for Mr. Champagne. That arrest warrant and complaint stemmed from Mr. Champagne's arrest by police in Methuen, Massachusetts, on charges stemming, in turn, from a home invasion and armed robbery that occurred in Haverhill, Massachusetts. On September 9, 2004, the Methuen police, after learning from the Haverhill police that a warrant existed for Mr. Champagne's arrest on home invasion and armed robbery charges, were on their way to the home of a woman believed to be Mr. Champagne's girlfriend to execute a search warrant for firearms and items stolen during the home invasion. While on their way to execute the search warrant, the Methuen police learned that Mr. Champagne had just left the home by car. The police were able to stop the car and to arrest Mr. Champagne.

At the time of the arrest, the police found in Mr. Champagne's possession a loaded Smith & Wesson .357 Magnum caliber revolver. Because Mr. Champagne had prior

felony convictions, the federal government thereafter charged him with a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.  On the basis of Special Agent Minick's testimony and other documentary evidence, the Court FINDS that there is PROBABLE CAUSE to believe that the Mr. Champagne committed the offense with which he is charged.

With the aforementioned evidence in mind, the Court engaged in the detention calculus.  Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . " 18 U.S.C. § 3142 (e).  "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990).  The burden of persuasion remains with the Government on the question of flight risk.  *See* id. at 1181, citing United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985).

The issue of whether the defendant poses a danger to the community entails a different analysis.  The Government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community.  United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).  The meaning of

clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432, 438 (W.D. Ark. 1987), aff'd., 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988).  Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental. . .right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

The Court's independent analysis regarding detention was governed by the rubric set forth in 18 U.S.C. §3142(g).  Pursuant to Section 3142(g), the Court first looked to the nature and circumstances of the offense charged against Mr. Champagne.  Although the circumstances presented here are not necessarily portents of immediate danger or use of the firearm in furtherance of other criminal conduct, the unlawful possession of a firearm by a felon is a violation of the law and of obvious concern to this Court in any situation.

Second,  the Court considered the weight of the evidence against the defendant.  Here, the evidence is not insignificant and, as previously discussed, sufficient to establish probable cause.

The third inquiry, the history and characteristics of the defendant, are of paramount importance here.  Although Mr. Champagne appears to have spent much of his adult life in Massachusetts, and might therefore have ties to the community which would suggest that he is not a risk of flight, his danger to the community is of serious concern.  Most critically, the defendant has a criminal history that includes multiple convictions for such

crimes as assault and battery with a dangerous weapon and substance act violations. Mr. Champagne has also previously violated terms of probation. Such incidents demonstrate a risk to the community posed by releasing the defendant.

Against this background, the Court concluded that there is clear and convincing evidence that there are no conditions of release which could assure the safety of the community and therefore ORDERED that the defendant CHAVEZ CHAMPAGNE be detained pending trial. Further, pursuant to 18 U.S.C. §3142 (i) it is ORDERED that:

1. The Defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with his counselor; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by Mr. Champagne's filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145 (b).

SO ORDERED.

| | |
|---|---|
| 12/13/04 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |