

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*       *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 24, 2005

Catherine K. Byrne, Esq.
Federal Defender's Office
408 Atlantic Avenue, Suite 328
Boston, MA 02210

    Re:  United States v. Chavez Champagne
          <u>Criminal No. 04-10389-RWZ</u>

Dear Ms. Byrne:

    This letter is in response to your discovery request letter of March 10, 2005. I have used your numbering and headings for ease of reference.

1. <u>Statements of Defendant</u>.

    You previously were provided with a Miranda warning form signed by the defendant. You also were given a description of the defendant's oral statement to Officer Walter Fleming in which the defendant stated "I wouldn't have shot you guys" and that he had to carry a gun because he had "burned" or "ripped off" some drug dealers and they were trying to kill him. You also were provided with the booking report and report of Officer Dejesus which includes the defendant's oral statement. The United States objects to the production of all law enforcement notes as such is not required by Fed.R.Crim.P. 16, the Local Rules, or the Jencks Act. *See United States v. LiCausi*, 167 F.3d. 36, 50. (1st Cir. 1999). Law enforcement officers have been advised, pursuant to Local Rule 116.9, of the duty to preserve notes.

2. <u>Books, papers, documents, photographs, tangible objects</u>.

    a) You have been provided with color copies of photographs of the car seat, items recovered, and a closeup of the firearm, bracelet and ring. I expect to provide you with copies of some photographs at the home invasion scene within the next week;

    b) You were provided with a copy of the photo array shown to the victim of the home invasion, along with the Haverhill Police Department report describing the array, as well as the defendant's statement concerning the home invasion;

    c) If and when a chart, diagram, or map is prepared by the

government for use at trial, you will be provided a copy;

    d) I am unaware that any such chart, summary, diagram or map was created, marked or reviewed by any witness during the investigation of this case and/or during the grand jury testimony;

    e) There were no fingerprint/palmprint examinations done in the investigation of this case;

    f) There were no fingerprint/palmprint examinations done in the investigation of this case.

3. <u>Reports of physical or mental examinations, and scientific tests or experiments.</u>

You previously were provided with drug certifications from the Massachusetts drug lab and with the certificate of test firing. As noted above, I have been advised that no fingerprint/palmprint examination was done in this case.

The government objects to the remainder of your request insofar as it seeks disclosure of worksheets, data, graphs, notes, work papers, or other documents recording results, and the testing protocols underlying any such reports. Rule 16 refers to "results or reports." It does not require the disclosure of the documents that were somehow related to the preparation of the "results or reports." The defendant is not entitled under Rule 16 to log notes or other internal documents that support or relate to the requested results or reports. *United States v. Price*, 75 F.3d 1440, 1444-1445 (10th Cir. 1996); *United States v. Iglesias*, 881 F.2d 1519, 1523-24 (9th Cir. 1989); Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by . . . [a] government agent in connection with investigating or prosecuting the case.)

4.    <u>Exculpatory Evidence</u>

    a) The government is unaware that any evidence has been lost or destroyed.

    b) The government will make a *Giglio* inquiry of the various law enforcement agencies involved in this case and will disclose such information as appropriate as it relates to government witnesses and according to the timing requirements of Local Rule 116.2(B).

    c) As you previously were advised, the defendant's statement that he would not have shot the officers was not in response to any statement or inquiry by police. The defendant's subsequent statement about carrying the gun because he had stolen from drug dealers was made in response to the officer's question as to why the defendant was carrying a gun. The government will inquire what, if any, "promises, rewards, or inducements were offered" by

the Methuen or Haverhill officers to the defendant prior to the defendant's statement concerning the home invasion.

5.  Other Law Enforcement Agencies

The government declines to produce any material in response to this request as we are not obligated by any discovery rule or by case law to produce our written notification, if any, to law enforcement agencies regarding our discovery obligations.

6.  Expert Testimony

a) As noted above, you previously were provided with the drug certifications and a test firing certificate. The drug certifications list the name and office address of the analysts and the conclusion as to the drug analyzed. Similarly, the certificate of examination and test firing lists the name and office address of the Massachusetts State Trooper performing the test and his opinion that the evidence is in fact a firearm and ammunition. Additionally, with respect to c) and d) of your request, the parties agreed at the initial status conference in this case that any additional expert discovery would be produced by the government 30 days in advance of trial and by the defendant 14 days in advance of trial.

Please call me at 617-748-3184 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:
/s/ Sandra S. Bower
SANDRA S. BOWER
Assistant U.S. Attorney


cc: Rex Brown, Courtroom Deputy to
    U.S. Magistrate Judge Joyce London Alexander